

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

**GROVER SELLERS**

ATTORNEY GENERAL

Honorable Joe Gordon
County Attorney, Gray County
Pampa, Texas

Dear Mr. Gordon:

Opinion No. 0-6901
Re: Has the Gray County Wind
Erosion District been
legally created and incor-
porated as authorized by
Article 165a-2, Vernon's
Annotated Civil Statutes?
Also can Gray County form a
Soil Conservation District
under Article 165a-4?

We have received your recent communication and, for
purposes of our answer, quote same as follows:

"At a regular term of the Commissioners'
Court of this County held on April 15, 1936, there
was presented to the Commissioners' Court a petition
for an election to be held in this County to determine
whether the majority of the legally qualified tax pay-
ing voters of this County favored the creation and
incorporation of the area of this County into a Wind
Erosion Conservation District as provided by House
Bill No. 976 in the Acts of the Legislature, 1935.

"On April 15, 1936, the Commissioners' Court of
this County entered an order calling the election as
requested by the petition above referred to. The order
calling the election seems to fully comply with all the
requirements thereof as provided in the above law. Notice
of the election was given in accordance with the provi-
sions of the above law and the election was legally
held on May 16, 1936 in pursuance of the foregoing
petition, order and notice thereof. At a regular ses-
sion of the Commissioners' Court of this County held

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

on June 8, 1936, the following order was entered in the minutes of the Commissioners' Court:

"'Election held May 16, 1936, canvassed and results declared to be as follows:

"'For the creation and incorporation of the Gray County Wind Erosion Conservation District.

"'230 Votes

"'Against the creation and incorporation of the Gray County Wind Erosion Conservation District

"'37 Votes.'

"No order was entered by the County Judge of this County declaring such district to be created and incorporated as was provided by Section 5 of the Wind Erosion District law, same being Article 165a-2, which you will find in the Vernon's Statutes, 1936, Centennial Edition.

"No further action has been taken by the Commissioners' Court of this County in carrying out the functions of the Gray County Wind Erosion Conservation District. I would like to have your opinion as to whether or not the Gray County Wind Erosion District has been legally created and incorporated as authorized by the above Wind Erosion Conservation District law.

"In addition to the foregoing, I would like to know whether or not the landowners within the limits of Gray County may now form a Soil Conservation District as authorized by House Bill No. 44 as passed by the 46th Legislature, Acts, 1939, as amended by the 47th Legislature, Acts, 1941. * * *"

Article 165a-2, Vernon's Annotated Civil Statutes, in regard to the canvass of returns and order declaring creation of Wind Erosion Districts provides as follows:

"Sec. 3. When the returns of the election mentioned in Section 2 have been canvassed by the Commissioners Court, the result of such election shall be declared by order entered on the Minutes of said Court and, if the result is in favor of the creation and incorporation of the District, the County Judge shall issue an order declaring such District to be created and incorporated and such order shall also be entered in the Minutes of the Commissioners Court and a certified copy thereof entered in the Deed Records of the county. Thereupon, the District shall be deemed to be legally created and incorporated with all rights, powers, authority and privileges herein conferred and authorized by Section 59, of Article XVI, of the Constitution, for the purpose of conserving and reclaiming the soil in such District." (Underscoring ours)

Said article seems to be imperative in such provisions requiring that an order of the County Judge declaring such District created and incorporated be issued and entered, etc., before such District shall be deemed legally created and incorporated, etc.

If such an order, as contemplated by the statute, was in fact made or issued by the County Judge and he failed to enter same, as required by this statute, then, in that event, we see no reason why same should not now or hereafter be entered nunc pro tunc in the Minutes of the Commissioners' Court, and a certified copy thereof entered in the Deed Records of the County. This procedure in regard to local option prohibition elections is approved in the following cases: Spears v. State, 123 S. W. (2d) 674; Weaver v. State, 136 S. W. (2d) 1083. However, we limit the application of such cases herein to the authority to enter a nunc pro tunc judgment or order only. If this action be taken, the creation and incorporation of such District shall date from the time of the actual entry of the certified copy in the Deed Records, and not date back to the issuance of the order.

However, if no such order was ever made, we know of no authority prohibiting the issuance of one at this time by the present County Judge, based on the duly entered order declaring the results of the election.

In either of the two next above set out instances, such order must be entered and a certified copy thereof be recorded as specifically set out in the statute in order to complete the legal creation and incorporation of such District.

It is to be understood that we are not here passing upon the legality of your election, but we are assuming, for the purposes of our answer, that everything done in the attempted creation of such District up to and including the entry on the Commissioners' Court Minutes of the order declaring the result of said election, was regular and according to law.

We trust the above satisfactorily answers your question as to the creation of a Wind Erosion Conservation District.

In regard to your question about forming a Soil Conservation District, we have carefully considered Article 165a-4, Vernon's Annotated Civil Statutes, together with its legislative history as affecting said Article 165a-2, and find no reason why the landowners of your county, providing the State Soil Conservation Board finds it desirable and necessary, could not form such a District after a lawful election, etc., under the terms of said Article 165a-4.

In this connection, we call your attention to subsection (d) of Section 2 of said Article 165a-4, where as a Declaration of Policy it provides that:

"* * * the agencies created, powers conferred and the activities contemplated in this Act for the conservation of soil and water resources and for the reduction of public damage resulting from failure to conserve such natural resources, shall be supplementary and complementary to the work of various river and other authorities now established in the State and to other State officers, agencies, and districts engaged in closely related projects, and shall not be duplicative thereof nor conflicting therewith."

We also call your attention to subsection C. of Sec. 5 of House Bill No. 444, Acts of the 47th Legislature, Regular Session,(amending the Act of the 46th Legislature authorizing such Soil Conservation Districts) on page 511, which states as follows:

"This Act shall not in anywise affect, impair, nor impinge upon the provisions of House Bill No. 978, Acts of the Regular Session of the Forty-fourth Legislature, under which Wind Erosion Conservation Districts have been created or may hereafter be created, but the same is expressly preserved in accordance with the terms thereof; the State Soil Conservation Board shall have authority, working with the governing bodies of the Wind Erosion Conservation Districts, to put into operation in said Wind Erosion Conservation Districts such provisions of this Act as are not in conflict with the provisions of House Bill No. 978, Acts of the Regular Session of the Forty-fourth Legislature."

Submitted with our sincere respects, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Robert L. Lattimore, Jr.
    Assistant

RLL:EP

